IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| COREY EVAN ROBESON, | § | |
| #57120-177, | § | |
| MOVANT, | § | |
| | § | |
| V. | § | CIVIL CASE NO. 3:20-CV-385-D-BK |
| | § | (CRIMINAL CASE NO. 3:18-CR-6-D-52) |
| UNITED STATES OF AMERICA, | § | |
| RESPONDENT. | § | |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Pursuant to 28 U.S.C. § 636(b) and *Special Order 3*, Movant Corey Evan Robeson's *pro se* motion to vacate, set aside, or correct sentence under 28 U.S.C. § 2255 was referred to the undersigned United States magistrate judge for case management, including the issuance of findings and a recommended disposition where appropriate. As detailed herein, the motion should be summarily **DISMISSED WITH PREJUDICE**.[1]

## I. BACKGROUND

In 2018, Robeson pled guilty to conspiring to possess with intent to distribute a controlled substance and was sentenced to 210 months' imprisonment. *United States v. Robeson*, No. 3:18-cr-6-D-52, Crim. Doc. 831 (N.D. Tex. October 18, 2018), *appeal dismissed*, No. 18-11421, Crim. Doc. 1354 (5th Cir. May 23, 2019). On February 14, 2020, Robeson timely filed his Section 2255 motion, asserting (1) ineffective assistance of counsel, (2) prosecutorial

---

[1] *See* Rule 4(b) of the RULES GOVERNING SECTION 2255 PROCEEDINGS ("If it plainly appears from the motion and any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief, the judge must dismiss the motion and direct the clerk to notify the moving party.").

misconduct, and (3) bias and prejudice at sentencing. Doc. 1 at 4-10. The Court subsequently granted Robeson's request to file a brief in support of his Section 2255 motion and, when he did not do so, *sua sponte* extended the deadline to June 5, 2020. Doc. 8, Doc. 9. Robeson has not filed a brief or requested a further extension of time.

That notwithstanding, the Court's review of all pleadings and the applicable law confirms that his claims are vague, conclusory, and meritless. The Section 2255 motion should therefore be summarily dismissed.

## II. ANALYSIS

After conviction and exhaustion or waiver of the right to direct appeal, the court presumes that a petitioner stands fairly and finally convicted. *See United States v. Cervantes*, 132 F.3d 1106, 1109 (5th Cir. 1998). Under Section 2255, a petitioner can collaterally challenge his conviction "only on issues of constitutional or jurisdictional magnitude." *United States v. Willis*, 273 F.3d 592, 595 (5th Cir. 2001).

### A. Ineffective Assistance of Counsel Claims Fail

In three claims Robeson asserts that his counsel rendered ineffective assistance at sentencing in failing to (1) "investigate evidence [at] all stages of [his] criminal proceedings," (2) contest "facts used to determine length of sentence" that were "brought to [Robeson's] attention" only at sentencing, (3) obtain discovery to challenge the sentence, and (4) seek [Robeson's] consent before entering "into a standard stipulated discovery agreement[.]" Doc. 1 at 4-8.

To establish ineffective assistance of counsel, a movant must show that counsel's performance was deficient and that the deficient performance prejudiced his defense. *Strickland v. Washington*, 466 U.S. 668, 687-688 (1984). Failure to establish either deficient performance or prejudice defeats the claim. *Id.* at 697. To prove the deficient performance prong, the movant

must show that counsel made errors so serious that he or she was not functioning as the counsel guaranteed by the Sixth Amendment. *Id.* at 687. The proper measure of attorney performance is reasonableness under prevailing professional norms. *Id.* at 688. To establish prejudice, the movant "must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* at 694. In the sentencing context, the movant must demonstrate that his sentence was increased by the deficient performance of defense counsel. *Glover v. United States*, 531 U.S. 198, 200, 203-04 (2001).

Robeson's claims are devoid of factual enhancement and his vague assertions that counsel rendered ineffective assistance are clearly insufficient to plead a Sixth Amendment claim. *See United States v. Pineda*, 988 F.2d 22, 23 (5th Cir. 1993) (per curiam) (declining to consider vague ineffective assistance of counsel claim). Without a specific allegation of what counsel did or failed to do, Robeson has not presented an issue of constitutional import. Indeed, "mere conclusory allegations on a critical issue are insufficient to raise a constitutional issue." *Id.* at 23 (quotations and quoted case omitted); *Ross v. Estelle*, 694 F.2d 1008, 1011 (5th Cir. 1983) (per curiam) ("Absent evidence in the record, a court cannot consider a habeas petitioner's bald assertions on a critical issue in his pro se petition . . . to be of probative evidentiary value.").

Moreover, in alleging that counsel failed to adequately investigate "the evidence" and obtain discovery to challenge the sentence, Robeson must demonstrate with specificity both what the investigation would have revealed and how it would have benefitted him. *See United States v. Curtis*, 769 F.3d 271, 276-78. (5th Cir. 2014) (per curiam). He has failed to do so. *See* Doc. 1 at 4-7.

Robeson makes the additional unsupported claim that counsel "entered into a standard stipulated discovery agreement" without his consent, "which clearly violate [his] rights to due

process." Doc. 1 at 7. But Robeson does not identify or explain either the "standard stipulated discovery agreement" or the due process violation he allegedly suffered. Robeson also does not specify what "facts used to determine length of sentence" he allegedly learned only at sentencing or what his counsel failed to do. Indeed, he affirmed at sentencing that he had adequate time to review and discuss the PSR with his counsel. Crim. Doc. 1033 at 3.

The Court notes that counsel did file and argue objections to the PSR calculations. That defense counsel was unsuccessful in his efforts does not equate to ineffective assistance. *See Youngblood v. Maggio*, 696 F.2d 407, 410 (5th Cir. 1983) (per curiam) (holding unsuccessful efforts do not constitute ineffective assistance of counsel).

Simply stated, Robeson wholly fails to indicate how he was prejudiced—that is, how counsel's actions resulted in an increase in his sentence. *See Glover*, 531 U.S. at 200, 203-04. Because Robeson's ineffective assistance claims are vague and conclusory, they fail.

**B. Prosecutorial Misconduct Claim is Conclusory, Waived, and Procedurally Barred**

Next, Robeson contends "the prosecutor withheld and restricted the discovery and evidence that directly determined [his] sentence," in violation of "Rule 16 and Brady." Doc. 1 at 8-9. As before, his claim is fatally vague and conclusory. That notwithstanding, by his voluntary and knowing guilty plea—which conspicuously Robeson does not contest—Robeson waived his right to challenge any non-jurisdictional defects, including any prosecutorial misconduct and *Brady* violations. *See United States v. Gunselman*, 643 F. App'x 348, 354 (5th Cir. 2016) (per curiam) (waiving prosecutorial misconduct claim (citing *Murray v. Collins*, 981 F.2d 1255, 1992 WL 387015, at *3 (5th Cir. 1992) (per curiam)); *United States v. Conroy*, 567 F.3d 174, 178-79 (5th Cir. 2009) (per curiam) (waiving *Brady* claim); *Orman v. Cain*, 228 F.3d 616, 617 (5th Cir. 2000) ("*Brady* requires a prosecutor to disclose exculpatory evidence for

purposes of ensuring a fair trial, a concern that is absent when a defendant waives trial and pleads guilty.").

### C. Court's Bias Claim Likewise Lacks Foundation

Lastly, Robeson argues the district judge's decision to overrule his hearsay objection at sentencing demonstrated undue bias against him and prevented him from presenting an adequate defense and "newly discovered evidence." Doc. 1 at 10. He thus requests that the district judge recuse himself from determining the instant Section 2255 motion. *Id.* Without regard to the veracity of Robeson's allegations, they plainly fail to establish a basis for recusal under 28 U.S.C. § 455(a) or 28 U.S.C. § 144. *See United States v. MMR Corp.*, 954 F.2d 1040, 1045 (5th Cir. 1992) ("[A]dverse rulings in a case are not an adequate basis for demanding recusal." (cited cases omitted)). Nor do such allegations even suggest that the Court's impartiality in this matter might reasonably be questioned. *Liteky v. United States*, 510 U.S. 540, 552 (1994). Therefore, Robeson's request for recusal should be denied.

### III. CONCLUSION

For the foregoing reasons, Robeson's Section 2255 motion should be summarily **DISMISSED WITH PREJUDICE**, as provided by Rule 4(b) of the RULES GOVERNING SECTION 2255 PROCEEDINGS.

**SO RECOMMENDED** on November 23, 2020.

_____
RENEE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE

**INSTRUCTIONS FOR SERVICE AND
NOTICE OF RIGHT TO APPEAL/OBJECT**

A copy of this report and recommendation will be served on all parties in the manner provided by law.  Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy.  *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b).  An objection must identify the finding or recommendation to which objection is made, the basis for the objection, and the place in the magistrate judge's report and recommendation the disputed determination is found.  An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific.  Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error.  *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996), *modified by statute on other grounds*, 28 U.S.C. § 636(b)(1) (extending the time to file objections to 14 days).